IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEANNA McATEE,<br><br>           Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES SECRET SERVICE,<br><br>           Defendant. | CV 15–84–M–DWM<br><br>ORDER |

**INTRODUCTION**

Pursuant to the Court's previous Order addressing the parties' motions for summary judgment, (Doc. 34), the Secret Service has filed a supplemental *Vaughn* index as to the pages it redacted and withheld under Exemption 3, (Doc. 35), and the parties have filed a joint stipulation as to the 29 pages referred to and withheld by the Executive Office of United States Attorneys, (Doc. 36). For the reasons stated below, the Secret Service's motion for summary judgment is granted, and McAtee's motion for summary judgment is denied. Because the background of this FOIA action was set out in the Court's previous Order it is not repeated here.

## STANDARD

Summary judgment is proper where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## ANALYSIS

To determine which party is entitled to summary judgment in a FOIA action, courts employ a three-step inquiry. *Am. Civil Liberties Union of N. Cal. v. FBI*, __ F. Supp. 3d __, 2015 WL 7251928, at *2 (N.D. Cal. Nov. 17, 2015). The first step is to determine whether the agency met its burden of showing that it fully discharged its FOIA obligations. *Id.* The second step is to determine whether the agency met its burden of demonstrating that the undisclosed information falls within one of the nine FOIA exemptions. *Id.* The final step is to determine whether the agency met its burden of establishing that "all reasonably segregable portions of a document have been segregated and disclosed." *Id.* (quoting *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008)).

### I. FOIA Obligations

The Court was previously without sufficient information to address 29 pages that were referred to and withheld by the Executive Office. (*See* Doc. 34 at 8–10.) According to the parties' Joint Stipulation Regarding Referred Documents,

however, any issues related to the 29 pages will be "dealt with in an independent suit, if any should be filed." (Doc. 36.) Accordingly, the Secret Service has met its burden of showing that it fully discharged its FOIA obligations as to the responsive pages that are at issue in this action. (*See* Doc. 34.)

## II.   FOIA Exemptions

Agencies must make information available to the public unless the information falls within one of the nine enumerated exemptions set forth in the statute. 5 U.S.C. § 552(b). Exemptions must be narrowly construed. *Shannahan v. IRS*, 672 F.3d 1142, 1148 (9th Cir. 2012). "FOIA's strong presumption in favor of disclosure places the burden on the government to show that an exemption properly applies to the records it seeks to withhold." *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 772 (9th Cir. 2015). The agency may carry that burden by submitting affidavits and *Vaughn* indices, which are accorded substantial weight if they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemptions, and show that the justifications are not controverted by contrary evidence in the record or by evidence of [agency] bad faith." *Id.* at 769 (quoting *Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992)).

Exemption 3 allows for withholding documents "specifically exempted from

disclosure by statute . . ., if that statute . . . (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3). The Federal Rules of Criminal Procedure, in turn, prohibit disclosure of "a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). "[T]he scope of the secrecy [under Rule 6(e)] is necessarily broad. It encompasses not only the direct revelation of grand jury transcripts but also the disclosure of information which would reveal 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like.'" *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 869 (D.C. Cir. 1981) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980)).

According to the Magaw Declaration, the Secret Service withheld and redacted pages under Exemption 3 "as information that was obtained pursuant to a Grand Jury investigation into plaintiff, or information pertaining to how that Grand Jury investigation proceeded. This information includes Grand Jury subpoenas, and the documents obtained via those subpoenas; names of individuals subpoenaed in the Grand Jury investigation; and notes of the proceedings of the Grand Jury investigation." (Doc. 16 at ¶ 42.) The Supplemental *Vaughn* Index, which now provides the Court with an adequate factual basis to reach a decision as

to the propriety of the information withheld and redacted under Exemption 3, describes in more detail the information and its association with the grand jury investigation. (Doc. 35-1.) The information withheld includes: descriptions of evidence submitted to the grand jury; documents requested for the grand jury investigation; grand jury subpoenas; names of subpoena recipients, including witnesses; actions taken regarding grand jury subpoenas; documents produced pursuant to grand jury subpoenas; and descriptions of and memoranda related to subpoenaed documents.

All of the information was properly redacted and withheld under Exemption 3 because it "falls within the broad reach of grand jury secrecy." *Fund for Constitutional Gov't*, 656 F.2d at 869. The identities of witnesses and documents subpoenaed as exhibits are plainly covered by the exemption, while subpoenas and their recipients, descriptions of evidence, actions taken, and subpoenaed documents, and related correspondence would reveal the strategy or direction of the investigation. *Id.*; *see also Church of Scientology Int'l v. U.S. Dep't of Justice*, 30 F.3d 224, 234 (1st Cir. 1994) ("documents identified as grand jury exhibits, and whose contents are testimonial in nature or otherwise directly associated with the grand jury process" may be withheld); *Bartko v. U.S. Dep't of Justice*, 62 F. Supp. 3d 134, 146 (D.D.C. 2014) (Exemption 3 covers documents that "contain

information about the names of recipients of federal grand jury subpoenas; information that identifies specific records subpoenaed by a federal grand jury; and copies of specific records provided to a federal grand jury in response to federal grand jury subpoenas"); *Brunetti v. FBI*, 357 F. Supp. 2d 97, 105 (D.D.C. 2004) (proper to withhold "grand jury subpoenas, as well as the names and other identifying information of the individuals named in the subpoenas, [and] records subpoenaed by the grand jury [because they] would reveal the substance of the grand jury's investigation as well identify specific evidence considered by the grand jury").

McAtee does not seek all information that was withheld under Exemption 3. Instead, she seeks the documents produced in response to grand jury subpoenas and the documents used as grand jury exhibits. She asserts that because she seeks the documents for their own sake and not to learn what took place before the grand jury, they should be disclosed, but she is incorrect. McAtee's reliance on cases that address disclosure of grand jury materials outside of the FOIA context is misplaced, as "reference to cases ordering disclosure of grand jury information for use in other [non-FOIA] proceedings based upon a showing of particularized need are of only limited utility." *Fund for Constitutional Gov't*, 656 F.2d at 869. In such cases, government agencies seek the production of private entities' records

directly from the private entities, and the private entities attempt to prevent disclosure of their records based on the fact that the records are also the subject of grand jury investigations. *See United States v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir. 1993) (authority of the IRS to examine records of private corporation); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368 (D.C. Cir. 1980) (authority of SEC to require private corporation to produce its records); *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52 (2d Cir. 1960) (authority of Interstate Commerce Commission to inspect records of private corporation). In contrast, McAtee seeks the records of private entities not directly from the private entities but instead from the Secret Service, which has the records as a result of a grand jury investigation. McAttee cannot use FOIA in this way to obtain the records she seeks for her case against Whitefish Credit Union and its counsel, Morrison & Frampton, PLLP. Because releasing the pages would "disclose matters occurring before the grand jury," Fed. R. Crim. P. 6(e)(2), the Secret Service has met its burden of demonstrating that the redacted and withheld pages fall within Exemption 3.

## III. Segregation

The Secret Service must establish that all reasonably segregable portions of withheld documents have been segregated and disclosed. *Hamdan*, 797 F.3d at 779. As to the documents redacted under Exemption 3, a review of the pages

shows that all reasonably segregable portions of the redacted pages were disclosed, and only those portions that are exempt, such as names of subpoena recipients and witnesses and descriptions of evidence, were redacted. Additionally, the pages withheld in full included subpoenas, documents produced for the grand jury, affidavits of actions taken for the grand jury proceeding, and responses to grand jury subpoenas, all of which have no segregable portion to disclose. (*See generally* Doc. 29-1; Doc. 16 at ¶¶ 56–57.)

Accordingly, IT IS ORDERED that the Secret Service's motion (Doc. 19) is GRANTED in that it properly redacted information under Exemption 3.

IT IS FURTHER ORDERED that McAtee's motion (Doc. 23) is DENIED, in that the Secret Service properly redacted information under Exemption 3.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

DATED this 10th day of August, 2016.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT